{¶ 27} I respectfully dissent from the majority and would affirm the trial court's finding of delinquency because, when viewed in the light most favorable to the state, there was sufficient evidence to lead any rational trier of fact to conclude that C.S. committed burglary and theft beyond a reasonable doubt.
 {¶ 28} First, Ms. Shaffer's testimony placed C.S. in front of Ms. Williamson's home, suspiciously pacing in front of her home, only moments before her son told her that he saw the boys jump into a back window of Ms. Williamson's home. Second, although Ms. Shaffer testified that she did not see the boys exit Ms. Williamson's home, it can be inferred from the broken back door that the boys exited out of the back door without being seen. Third, the short time between Ms. Shaffer's phone call to the police and their apprehension of the boys, who Ms. Shaffer identified as C.S. and the other boys who paced outside Ms. Williamson's home, could lead any rational trier of fact to conclude that C.S. and the other boys broke into Ms. Williamson's home. Moreover, Ms. Williamson positively identified the items taken from her home which were in the custody of the police, along with C.S. and the other boys.
 {¶ 29} This evidence, when viewed in the light most favorable to the state, is contrary to the majority's statement that "there is nothing linking [C.S.] to the actual crime." Because there is sufficient evidence to lead any rational trier of fact to conclude that C.S. committed burglary and theft, I would affirm the trial court's finding of delinquency.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.